Galen H. Satterlee (State Bar No. 025220)
Scott Reynolds (State Bar No. 013652)
LOWIS & GELLEN LLP
51 W. 3rd Street, Suite E-240
Tempe, Arizona 85281
Telephone: (602) 726-7310
E-mail: gsatterlee@lowis-gellen.com
sreynolds@lowis-gellen.com
minuteentries@lowis-gellen.com

Fax: (623) 321-1009

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Marianne Hayes, on behalf of the statutory beneficiaries of her deceased son, James Hayes II,<br><br>Plaintiff,<br><br>vs.<br><br>Apotex Corp., a foreign corporation; Aveva Drug Delivery Systems, Inc., a foreign corporation; Does I-X; Roe Entities I-X,<br><br>Defendants. | No.<br><br>**DEFENDANTS APOTEX CORP. AND AVEVA DRUG DELIVERY SYSTEMS, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1446(a)** |

Defendants Apotex Corp. and Aveva Drug Delivery Systems, Inc. ("Defendants"), respectfully submit this Notice of Removal pursuant to 28 U.S.C. Sections 1332(a) and 1446(a), and in support thereof, provide the following statement of the grounds for removal:

///

///

1

## I. BACKGROUND

1. This action was commenced by Plaintiff Marianne Hayes, on behalf of the statutory beneficiaries of her deceased son, James Hayes II ("Plaintiff"), on or about May 9, 2019, through the filing of a First Amended Complaint in the Pinal County Superior Court, State of Arizona, No. S1100CV201801989. *See generally* **Exhibit A**, copies of all pleadings and other documents previously filed in Pinal County Superior Court, State of Arizona, No. S1100CV201801989.

2. In her First Amended Complaint, Plaintiff names Apotex Corp. and Aveva Drug Delivery Systems, Inc. as Defendants.

3. Defendant Apotex Corp. was served through its agent for service of process, Corporate Creations, with the Summons, First Amended Complaint and Certificate of Compulsory Arbitration, on May 13, 2019, which is the date Defendant first received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based.

4. Defendant Aveva Drug Delivery Systems, Inc. was served May 16, 2019. *See* **Exhibit B**, Affidavits of Service.

5. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it was filed within thirty (30) days after at least one of the Defendants was first served with a copy of the initial pleading setting forth the claim for relief upon which this action is based and within one (1) year after the commencement of this action.

6. Venue for this removal is proper because the United States District Court for the District of Arizona is the Federal District Court embracing Pinal County, Arizona—the place where the state court action is pending. *See* 28 U.S.C. § 82.

///
///
///

2

## II. GROUNDS FOR REMOVAL – DIVERSITY OF CITIZENSHIP JURISDICTION

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (i) there exists complete diversity of citizenship between Plaintiff and Defendants and (ii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. § 1441.

### A. Complete Diversity of Citizenship

8. To demonstrate citizenship for diversity purposes a party must (i) be a citizen of the United States, and (ii) be domiciled in a state of the United States. *See **Lew v. Moss***, 797 F.2d 747, 749 (9th Cir. 1986). A person is domiciled "in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Id.* at 749–50. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *See **Mondragon v. Capital One Auto Fin.***, 736 F.3d 880, 885–86 (9th Cir. 2013) (noting that Ninth Circuit has "not yet" adopted the presumption that evidence of a person's residence is "prima facie evidence of the person's domicile"). Rather, a person's domicile is determined by a number of factors, none of them controlling, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." ***Lew***, 797 F.2d at 750. Upon information and belief, at the time of the filing of this Notice of Removal, Plaintiff was domiciled in Arizona.

9. Defendants Apotex and Aveva Drug Delivery Systems are corporations. The citizenship of a corporation for diversity purposes is determined by looking to both

"the state in which it was incorporated and the state in which it has its principal place of business." *See **Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.***, 757 F.3d 481, 483 (5th Cir. 2014).

10. Defendant Apotex Corp. is a Delaware corporation with its principal place of business in Florida. Defendant Aveva Drug Delivery Systems is a Florida corporation with its principal place of business in Florida. *See* **Exhibit C**, Delaware and Florida Division of Corporations results for Apotex Corp. and Aveva Drug Delivery Systems, Inc.

11. Accordingly, the complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case.

B.  **Amount in Controversy**

12. With respect to the amount in controversy required for federal diversity jurisdiction under 28 U.S.C. § 1332, the Supreme Court of the United States has instructed that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See **Dart Cherokee Basin Operating Co. LLC v. Owens***, 135 S. Ct. 547, 553-54 (2014). This "plausible allegation" requirement is satisfied when the facts alleged by the Plaintiff make it "facially apparent" that the amount in controversy exceeds $75,000.00. *Id.* at 554. "Evidence establishing the amount is required by § 1446(c)(2)(B) **only** when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* (emphasis added).

13. Here, Plaintiff asserts the decedent, James Hayes II, was prescribed certain pain medications, including a series of fentanyl transdermal systems following a motorcycle accident in 2011. On or about November 14, 2016, Plaintiff alleges the decedent applied a 25 mcg/hr fentanyl transdermal system in the early morning hours.

4

1. Plaintiff alleges that the decedent expired on or about November 15, 2016 from fentanyl intoxication. *See* **Exhibit A**, Plaintiff's First Amended Complaint.

14. For the foregoing reason, it is apparent from the face of Plaintiff's First Amended Complaint the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III. PROCEDURAL COMPLIANCE

15. Pursuant to 28 U.S.C. § 1446(a), and LRCiv 3.6(a) and (b), copies of all pleadings and other documents, previously filed in Pima County Superior Court, Case No. S1100CV201801989, are attached collectively as **Exhibit A.** *See* Declaration of Galen H. Satterlee attached hereto as **Exhibit D.**

16. Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the Pinal County Superior Court for the State of Arizona.

17. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and that it is not interposed for any improper purpose.

18. By filing this Notice of Removal, Defendants do not waive and hereby reserve all defenses and objections to Plaintiff's First Amended Complaint.

### IV. JURY DEMAND

19. Defendants hereby pray for a trial by jury on all claims asserted and issues raised in Plaintiff's First Amended Complaint.

5

## V. CONCLUSION

20. Given the complete diversity of citizenship of the parties and the amount in controversy, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and this action is properly removed pursuant to 28 U.S.C. § 1441.

**WHEREFORE,** Defendants respectfully request this cause be removed to the United States District Court for the District of Arizona, that the United States District Court for the District of Arizona assume full jurisdiction over this case, and that further proceedings in this action be conducted in the United States District Court for the District of Arizona as provided by law.

DATED this 10th day of June, 2019.

LOWIS & GELLEN L.L.P.

By: /s/ Scott Reynolds
    Galen H. Satterlee
    Scott Reynolds
    51 W. 3rd Street, Suite E-240
    Tempe, Arizona 85281
    Attorneys for Defendants

Lowis & Gellen LLP
51 W. 3rd Street, Suite E-240
Tempe, Arizona 85281
(602) 726-7310

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Eric Kessler
Kessler Law Group
6720 N. Scottsdale Road, Suite 210
Scottsdale, Arizona 85253
Attorneys for Plaintiff

By: /s/ Kirsten Sylvia